**Gomez Trial Attorneys**
John H. Gomez (SBN 171485)
John P. Fiske (SBN 249256)
Stephanie S. Poli (SBN 286239)
655 West Broadway, Suite 1700
San Diego, California 92101
Tel:  (619) 237-3490
Fax:  (619) 237-3496

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL MCCOMAS and PATRICIA MCCOMAS, as individuals; JULIE HALLIDAY as Trustee of the Douglas R. & Patricia Woodworth Revocable Trust; JAMES P. MCDONALD, individually; STEPHEN E. SHULTZ, individually; GENE SHEPARD, individually; BILL SHEPARD, individually; ROBERT SALINI, individually; BRUCE M. SMITH, individually; JOHN FORD and NANCY FORD, as individuals; GEORGE S. ACUNA, individually; LETIGIA A. COARTNEY, individually; KIRBY TEAGUE, individually; FULGENCIO QUIMPO, individually; <br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA; JASON PETERS, an individual, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **'14CV1759 CAB MDD**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Negligence<br>2. Negligence Per Se |

///

## VENUE AND JURISDICTION

1. This is an action arising under the Federal Tort Claims Act 28 U.S.C. §§ 2671 et seq. This Court is vested with original jurisdiction to hear this matter pursuant to 28 U.S.C. § 1346 (b)(1), which provides in part that, "[t]he district courts … shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any officer, employee or servant of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2. This action arises from a fire that consumed approximately 7,055 acres in San Diego County, including Mount Laguna in the Cleveland National Forrest, and destroyed or rendered useless approximately 150 homes, structures, residences, lodges, cabins, and other buildings, and destroyed hundreds of vehicles, golf carts, and other significant items of personal property, (hereinafter "CHARIOT FIRE") all located at the Al Bahr Shrine Camp on Mt. Laguna in the Cleveland National Forest, located California (hereinafter "SHRINE COMMUNITY"), on or about July 8, 2013.

## PARTIES AND GENERAL ALLEGATIONS

3. <u>Plaintiffs Michael McComas and Patricia McComas</u>- Plaintiffs Michael McComas and Patricia McComas are and at all relevant times were residents of San Diego County and owners of Cabin #2 at the SHRINE COMMUNITY. Cabin #2 was completely destroyed by the CHARIOT FIRE, and Plaintiffs Michael McComas and Patricia McComas incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

4. <u>Plaintiff Julie Halliday as Trustee for the Douglas R. and Patricia Woodworth Revocable Trust</u>- Plaintiff Julie Halliday as Trustee for the Douglas R. and

Patricia Woodworth Family Trust is and at all relevant times was a resident of San Diego County and owner of Cabin #8 at the SHRINE COMMUNITY. Cabin #8 was completely destroyed by the CHARIOT FIRE, and Plaintiff Julie Halliday as Trustee incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

5. <u>Plaintiff James P. McDonald</u>- Plaintiff James P. McDonald is and at all relevant times was a resident of San Diego County and owner of Cabin #18 at the SHRINE COMMUNITY. Cabin #18 was completely destroyed by the CHARIOT FIRE, and Plaintiff James P. McDonald incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

6. <u>Plaintiff Stephen E. Shultz</u>- Plaintiff Stephen E. Shultz is and at all relevant times was a resident of San Diego County and owner of Cabin #27 at the SHRINE COMMUNITY. Cabin #27 was completely destroyed by the CHARIOT FIRE, and Plaintiff Stephen E. Shultz incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

7. <u>Plaintiff Gene Shepard</u>- Plaintiff Gene Shepard is and at all relevant times was a resident of San Diego County and owner of Cabin #49 at the SHRINE COMMUNITY. Cabin #49 was completely destroyed by the CHARIOT FIRE, and Plaintiff Gene Shepard incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

8. <u>Plaintiff Bill Shepard</u>- Plaintiff Bill Shepard is and at all relevant times was a resident of San Diego County and owner of Cabin #51 at the SHRINE COMMUNITY. Cabin #51 was completely destroyed by the CHARIOT FIRE, and Plaintiff Shepard incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

9. <u>Plaintiff Robert Salini</u>- Plaintiff Robert Salini is and at all relevant times was a resident of San Diego County and owner of Cabin #80 at the SHRINE COMMUNITY. Cabin #80 was completely destroyed by the CHARIOT FIRE, and Plaintiff Robert Salini incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

10. <u>Plaintiff Bruce M. Smith</u>- Plaintiff Bruce M. Smith is and at all relevant times was a resident of San Diego County and owner of Cabin #92 at the SHRINE COMMUNITY. Cabin #92 was completely destroyed by the CHARIOT FIRE, and Plaintiff Bruce M. Smith incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

11. <u>Plaintiffs John Ford and Nancy Ford</u>- Plaintiffs John Ford and Nancy Ford are and at all relevant times were residents of San Diego County and owners of Cabin #94 at the SHRINE COMMUNITY. Cabin #94 was completely destroyed by the CHARIOT FIRE, and Plaintiffs John and Nancy Ford incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

12. <u>Plaintiff George S. Acuna</u>- Plaintiff George S. Acuna is and at all relevant times was a resident of San Diego County and owner of Cabin #104 at the SHRINE COMMUNITY. Cabin #104 was completely destroyed by the CHARIOT FIRE, and Plaintiff George S. Acuna incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

13. <u>Plaintiff Letigia A. Coartney</u>- Plaintiff Letigia A. Coartney is and at all relevant times was a resident of San Diego County and owner of Cabin #106 at the SHRINE COMMUNITY. Cabin #106 was destroyed by the CHARIOT FIRE, and Plaintiff Letigia A. Coartney incurred damages including but not limited to real and

personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

14. <u>Plaintiff Kirby Teague</u>- Plaintiff Kirby Teague is and at all relevant times was a resident of San Diego County and owner of Cabins #109 and #110 at the SHRINE COMMUNITY. Cabins #109 and #110 were destroyed by the CHARIOT FIRE, and Plaintiff Kirby Teague incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

15. <u>Plaintiff Fulgencio Quimpo</u>- Plaintiff Fulgenico Quimpo is and at all relevant times was a resident of San Diego County and owner of Cabin #118 at the SHRINE COMMUNITY. Cabin #118 was destroyed by the CHARIOT FIRE, and Plaintiff Fulgencio Quimpo incurred damages including but not limited to real and personal property damage, clean-up costs, costs to repair, costs to replace, loss of use and other damages.

16. All of the above named Plaintiffs may be referred to herein collectively as "Plaintiffs."

17. Defendant UNITED STATES OF AMERICA ("USA") is, and at all relevant times herein was, a governmental entity, organized pursuant to the Constitution of the United States, and responsible for the Bureau of Land Management ("BLM") within the Department of the Interior, responsible for the management and conservation of public lands, including the area of San Diego County where the CHARIOT FIRE originated.

18. Defendant JASON PETERS is, and at all relevant times herein was, an employee and/or agent of BLM responsible for the area of San Diego County where the CHARIOT FIRE originated.

19. Plaintiffs are informed and believe, and on this basis alleges that, at all times herein mentioned, DOES 1 through 100, were the officers, employees, servants, agents, contractors, subsidiaries, divisions, and other affiliated individuals or entities, of

each other, and were acting within the scope and purpose of such agency or employment, and with the power and authority vested in them as officers, employees, or servants, or ratification, endorsement or approval of the conduct of each other with respect to the events and happenings alleged herein. All Defendants herein named may be referred to collectively as "Defendants."

20. Defendant USA is vicariously liable for the negligent, reckless, and/or intentional acts of Defendant JASON PETERS and DOES 1 through 100, all of whom were acting in the course and scope of their employment as officers, employees, agents, and/or servants at all relevant times herein alleged.

21. The true names and capacities of Defendants DOES 1 through 100 inclusive are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and allege thereon that each of the Defendants herein designated as DOE is responsible in some manner for the events and happenings herein referred to and caused the injuries and damages legally thereby as hereinafter alleged.

**PROCEDURAL ALLEGATIONS**

22. As outlined above, each Plaintiff served a Claim for Damages pursuant to the Federal Tort Claims Act on the BLM. The Claims for Damages are attached hereto as Exhibits 'A' through 'N.'

23. On July 25, 2014, the statutory six month period to respond to Plaintiffs' Claims for Damages passed, and the BLM neither denied nor accepted nor took any action on Plaintiffs' Claims, thereby allowing Plaintiffs to file a lawsuit under the FTCA in this federal court.

24. In accordance with 28 U.S.C. § 2675(a), Plaintiffs now file this action.

**FACTUAL ALLEGATIONS**

25. On or about July 6, 2013, Defendant JASON PETERS, acting under the course and scope of his employment and/or agency with the BLM, negligently, recklessly, and/or intentionally drove, operated, owned, maintained, and/or

maintenanced a BLM Jeep, identified by U.S. Government license plate number I428127 (hereinafter "JEEP"), on or around Highway S2 and the Great Southern Overland Stage Route, in an area southwest of Butterfield Ranch Resort, in San Diego County.

26. On or about July 6, 2013, Defendant JASON PETERS negligently, recklessly, and/or intentionally started the CHARIOT FIRE by failing to inspect and/or notice and/or clear debris including but not limited to brush and other material from his JEEP, including areas such as his undercarriage, skid plate, and/or transmission area, and other areas of his JEEP, while driving across and around the desert floor on and off road.

27. Said debris, brush, and other materials in the undercarriage of the JEEP ignited from contact with certain component parts of the JEEP including but not limited to the catalytic converter or other parts of the exhaust system, and/or the engine block, fuel delivery system, and/or other parts of the JEEP. The ignited fire spread and ignited other material including plastic material of the JEEP, including the plastic fuel line to the engine compartment creating a fire underneath the JEEP as Defendant JASON PETERS negligently, recklessly, and intentionally drove his JEEP across and around the desert floor on and off road while under the course and scope of employment with the BLM. Fire activity was accelerated as the fuel tank contents drained out of the burned fuel line.

28. Defendant JASON PETERS, while acting under the course and scope of his employment with the BLM, continued to drive across and around the Great Southern Overland Stage Route and the desert floor on and off road while the undercarriage of his JEEP was on fire and/or spreading ignited material, igniting at least four General Origin Areas ("GOAs"). These four GOAs later combined together to form the CHARIOT FIRE.

29. Defendant JASON PETERS was, at all relevant times herein alleged, driving, maintaining, maintenancing, inspecting or failing to inspect, owning and

operating vehicles owned, controlled, maintained, maintenanced, and/or possessed by BLM, with the BLM's express or implied consent and permission, and within the course and scope of his employment with the BLM.

30. On or about July 8, 2013, the CHARIOT FIRE spread to the SHRINE COMMUNITY, a 25 acre mountain community located on Mt. Laguna in the Cleveland National Forest. The SHRINE COMMUNITY has been a private community used by Plaintiffs under lawful permit from the United States Forest Service for many, many decades.

31. The SHRINE COMMUNITY included an 87-year old lodge, dining hall, caretaker cabin, two dormitories, five rental cabins, camp area, playgrounds, 100 permanent trailer pads, 28 transient trailer pads, fixed structure cabins, a water well, 400 feet of pipeline with a 60,000 gallon water storage tank, as well as associated parking areas, roadways, waterlines, septic, gas, power and telephone facilities, as well as other features, structures, and things that were destroyed or rendered useless.

32. The SHRINE COMMUNITY was used by the Plaintiffs and its constituent members, other members of groups affiliated with Masons, affiliated Masonic Bodies, their families, and guests for activities including but not limited to camping, meetings, parties, weddings, and reunions. Other community groups used the SHRINE COMMUNITY for events, programs, and private activities.

33. The SHRINE COMMUNITY consisted of approximately 150 structures, most of which were completely destroyed. The remaining "surviving" structures were partially damaged and can no longer be used. The Plaintiffs permit has been downgraded to a non-use status and the entire community has been rendered useless.

## FIRST CLAIM FOR RELIEF

### Negligence

### (Against All Defendants)

34. Plaintiffs hereby incorporate each and every allegation contained in Paragraphs 1 through 33 as though fully set forth herein.

35. At all relevant times herein alleged Defendants had a duty to act with reasonable and due care for the safety of others to not cause personal or real property damage, including as part of their employment and/or duties with and for the BLM.

36. On July 6, 2013, Defendants created a dangerous condition on Highway S2 at or around the Great Overland Butterfield Stage Route by driving the JEEP with ignited, dry brush caught in the undercarriage.

37. Defendants knew or should have known that the JEEP posed the threat of and created the dangerous condition in and around an area that was extremely susceptible to wild fire based on factors including but not limited to:

    a) Temperatures in the fire area were 6-7 degrees Fahrenheit above average;

    b) the Burn Index, based on ten years of climatology, was near or at record maximum levels, supporting an exceptionally high probability for large fire growth;

    c) live fuel moistures were averaging 60%, a critical level;

    d) winds of five miles per hour with gusts up to 21 miles per hours; and

    e) the probability of ignition was calculated to be at 90%.

38. Despite this knowledge, Defendants continued to negligently, recklessly, and/or intentionally operate the JEEP while the JEEP posed the threat of and created the dangerous condition wherein the JEEP ignited the CHARIOT FIRE.

39. Defendants knew or should have known of the probability, likelihood, or threat of fire and/or ignition on the underside of the JEEP. Defendants knew or should have known of the danger posed by brush and/or other debris lodged in the undercarriage.

40. Defendants failed to exercise reasonable care in that they failed to inspect, notice, and/or clear out the JEEP's undercarriage, and Defendants failed to exercise reasonable care to prevent and respond to the fire, which originated from his JEEP, and

Defendants failed to exercise reasonable care in that Defendants failed to extinguish the fire and prevent its spread.

41. Defendants knew or should have known that his acts and omissions as alleged herein would result in harm to the public in general, and did in fact cause substantial personal and real property damage to Plaintiffs including the destruction as described above. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

42. The acts and omissions by Defendants were the legal cause of the injuries and damages to the Plaintiffs. Defendants are liable to the Plaintiffs for all damages to their property caused by the fire, including clean-up of the fire damaged acreage and area, replacement, market value, loss of use, loss of business income, and/or other types and categories of damages.

43. As a proximate result of Defendants' wrongful acts, Plaintiffs suffered substantial personal and real property damage as described above.

44. As a proximate result of Defendants' wrongful acts, Plaintiffs suffered the loss of current and future use of the SHRINE COMMUNITY and personal and real property located within it, including loss of business income, past and future..

## SECOND CLAIM FOR RELIEF

### Negligence Per Se- Health and Safety Code § 13007

### (Against All Defendants)

45. Plaintiffs hereby incorporate each and every allegation contained in Paragraphs 1 through 44 as though fully set forth herein.

46. Under California Health and Safety Code § 13007, any person who willfully, negligently, or in violation of law, sets fire to, allows fire to be set, or allows a fire kindled or attended by him to escape to the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire.

47. On or about July 6, 2013, Defendants negligently, recklessly, and/or

intentionally started the CHARIOT FIRE, as described above.

48. Plaintiffs owned real and personal property located in the SHRINE COMMUNITY.

49. On or about July 6, 2013, the Defendants caused the CHARIOT FIRE that destroyed the SHRINE COMMUNITY, including real and personal property owned by Plaintiffs.

50. Defendants are liable to Plaintiffs for all damages to their property caused by the fire, including clean-up costs, replacement, market value, loss of use, loss of business income, and/or other types and categories of damages.

51. Defendants violated California Health and Safety Code § 13007 when Defendant JASON PETERS, while acting within the course and scope of his employment and/or agency with the BLM, negligently, recklessly, and/or intentionally caused the CHARIOT FIRE, which subsequently destroyed personal and real property owned by Plaintiffs.

52. Defendants' violation of the law was a substantial factor in bringing about the harm to Plaintiffs.

53. As a proximate result of Defendants' wrongful acts, Plaintiffs suffered substantial personal and real property damage including the destruction of real and personal property as described herein and above.

54. As a proximate cause of Defendants' wrongful acts, Plaintiffs suffered the loss of current and future use of the SHRINE COMMUNITY and personal and real property located within it, including loss of business income, past and future.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against all Defendants, and each of them, as follows:

1. For general damages;
2. For special and/or economic and/or loss of use damages;
3. For incidental damages;

4. For prejudgment interest as permitted by law;

5. For costs of suit incurred herein; and

6. For such other and further relief as the court may deem just and proper.

Dated: July 25, 2014    **GOMEZ TRIAL ATTORNEYS**

By: /s/ John P. Fiske
JOHN H. GOMEZ
JOHN P. FISKE
STEPHANIE S. POLI
Attorneys for Plaintiff